IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OLGA M. MADERA COLÓN,

   Plaintiff,

   v.                                      CIVIL NO.: 19-1027 (MEL)

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

**OPINION AND ORDER**

Pending before the court is counsel Rafael Colón Flores' Motion for Attorney's Fees. ECF No. 29. For the reasons explained below, this motion is DENIED WITHOUT PREJUDICE.

Despite the fact that judgment in this case affirming in part and remanding in part the Commissioner of Social Security's ("the Commissioner") decision was entered on September 30, 2020, defendant concedes that the petition for attorney's fees under 42 U.S.C. § 406(b) ("section 406(b)") has been timely filed. ECF No. 31 at 1-2, n.1. Counsel Colón Flores, however, filed a section 406(b) motion without having previously filed a petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

> Unlike the EAJA, 42 U.S.C. § 406(b) does not authorize the prevailing party to recover fees from the losing party. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 122 S.Ct. 1817, 152 L.Ed. 2d 996 (2002). "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Id.* Also, § 406(b) does not displace contingent-fee agreements as the primary means by which fees set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* At 807, 122 S.Ct. 1817. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186." *Id.* at 796, 122 S.Ct. 1817.

> "In light of the fact that attorney's fees awarded under the Social Security Act (42 U.S.C.A. § 406(b)) are paid from the claimant's past-due benefits, unlike EAJA fees, which are paid by the [Social Security Administration], and the consequent inherent conflict between the claimant and the attorney regarding fees under § 406(b), it is incumbent upon counsel to pursue attorney's fees under EAJA before applying for fees under § 406(b), or justify the failure to do so. A petition for attorney's fees under § 406(b) may be denied as unreasonable where the attorney has failed to file a prior application for fees under EAJA,...." 4 Soc. Sec. Law & Prac. § 49:140 (Westlaw, Mar. 2009) (footnotes omitted).

*Harlow v. Astrue*, 610 F.Supp.2d 1032, 1034 (D. Nebraska 2009). *See also Knagge v. Sullivan*, 735 F.Supp. 411, 414-415 (M.D. Florida 1990) (holding that "counsel has both statutory and ethical obligations to investigate the propriety of an application for a fee award pursuant to …. EAJA … before receiving approval of a fee award to be deducted from plaintiff's past-due benefits" and that "section 406(b) remains available as a supplement to an EAJA fee award, if a reasonable fee exceeds the amount permitted by the EAJA statutory fee cap").

The fact that Local Rule 9 of this court, while addressing a request for attorney's fees pursuant to section 406(b), uses the phrase "[i]f EAJA fees are also awarded", such expression is not necessarily making optional the filing of EAJA petitions prior to section 406(b) requests for fees. Instead, it simply leaves the door open to the possible scenario in which section 406(b) fees are sought even when the petition for EAJA fees has been denied.

If counsel Colón Flores wishes to resubmit his application for fees under section 406(b), not later than December 1, 2025 he will have to make a showing articulating why his failure to apply for EAJA fees after this court entered judgment on September 30, 2020 is justified. Moreover, said renewed application will also have include the following: (1) any fee agreement between plaintiff and counsel; (2) a certification that counsel has informed his client "that counsel has chosen to make application under the section 406(b) rather than under the EAJA and

2

why (or that application under EAJA has been made and denied)";[1] (3) an estimate of how much counsel believes that he would have been entitled to had he filed a petition for EAJA fees in a timely manner; and (4) the amount that counsel seeks in fees under section 406(b). No opinion is hereby expressed as to whether such renewed application for section 406(b) fees will be granted or denied.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 14th day of November, 2025.

s/Marcos E. López<br>U.S. Magistrate Judge

---

[1] See *Taylor v. Heckler,* 608 F.Supp. 1255, 1261 (D. New Jersey 1985) (regarding the notification requirement quoted above) and 20 C.F.R. § 404.1725(a)(7) (with respect to the duty to inform clients about an application under section 406(b)).